**Filed 12/11/96**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

      v.

ROBERT EARL WATSON, also
known as Joe,

      Defendant - Appellant.

No. 95-3127
(D. Ct. No. 94-CR-20075-05)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel

has determined unanimously that oral argument would not be of material

assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th

Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

This appeal is from an order of the district court sentencing defendant

Watson to 120 months after a plea of guilty to one count of distribution of

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

cocaine base in violation of 21 U.S.C. § 841(a)(1). Defendant appeals on the grounds that the district court applied the wrong legal standard in adding a two-level increase under U.S.S.G. § 2D1.1(b)(1) relating to the co-defendant's possession of a dangerous weapon and further on the grounds that the case should be remanded for resentencing because the record is incomplete with respect to the reasons for denying an additional reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b). We affirm.

On appeal here defendant alleges that the district court applied the incorrect legal standard when defendant's sentence was enhanced under U.S.S.G. § 2D1.1 for his co-defendant's possession of a firearm. The record is clear that defendant did not possess the firearm himself. Instead, the evidence before the district court related to the possession of a firearm by co-defendant Nevels. Defendant alleges that the district court failed to make a finding regarding whether defendant should have reasonably foreseen the co-defendant's possession of a hidden weapon. The probation officer involved in the case recommended the two-level increase for Nevels' possession of a dangerous weapon. Counsel for the defendant objected. The sentencing transcript is clear that the district court considered carefully the facts surrounding the gun enhancement and determined that the two-level enhancement for possession was appropriate because the gun was clearly connected with the offense and because the application notes to the sentencing

guideline state that the enhancement should be applied if the weapon was present. The district court therefore found by a preponderance of the evidence that the two-level enhancement was appropriate. This circuit has made clear that sentencing courts are permitted to attribute to a defendant weapons possessed by co-defendants under circumstances where the possession of the weapons was known to the defendant or reasonably foreseeable to the defendant. Further, this court has held that reasonable foreseeability may be inferred if the co-defendant knowingly possessed the weapon. United States v. Underwood, 938 F.2d 1086 (10th Cir. 1991). There is no dispute in this case that co-defendant Nevels knowingly possessed the weapon. In adopting the factual findings and guideline applications contained in the presentence report, the district court adopted the detailed factual basis for the weapons enhancement that was set out in the presentence report. We hold that the district court made adequate findings and used the proper legal standards to increase Watson's base offense under U.S.S.G. § 2D1.1(b)(1). The district court in this case clearly analyzed the gun enhancement at the sentencing hearing. This case is unlike Underwood, id., in that it is quite clear in this case which gun was relied upon and that it was connected directly with the offense of conviction. Thus, we find no error in the ruling of the district court on the enhancement.

Defendant further appeals on the ground that the district court failed to

provide reasons for denying an additional one-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b). We will not reverse a sentencing court's determination of acceptance of responsibility unless the ruling of the district court is clearly erroneous. United States v. Jaynes, 75 F.3d 1493 (10th Cir. 1996). The defendant bears the burden of proving that he has accepted responsibility. We cannot say that the district court was clearly erroneous in refusing to grant the additional one-level reduction in this case where defendant did not provide any substantial information to the government concerning his own involvement in his defense and did not advise the court or the government of his desire to plead guilty until the week before trial. Indeed the record in this case shows that the defendant continued to deny any active involvement in this offense and even at one point considered withdrawing his guilty plea and going to trial. Under these circumstances, the district court's refusal to grant the additional reduction for acceptance of responsibility was not clearly erroneous. We AFFIRM.

ENTERED FOR THE COURT,

Deanell Reece Tacha
Circuit Judge